I'm Richard Katzke, the director of the Appellate Litigation Clinic at Duke Law School. My student Margaret Krusner will be arguing today, and students Matt Queen and Luke Mears are also here. We appreciate the court's indulgence. Thank you, Professor. Ms. Krusner? May it please the court. Because Rule 4A.6 requires actual notice, the district court must identify the date that a litigant received the judgment. That didn't happen here. Instead, the district court conflated service under Civil Rule 77 with notice under Federal Rule of Appellate Procedure 4. So just one day after this court's remand order, and with no opportunity for the parties to supplement the record, the district court denied Mr. Woody Rule 4A.6 relief. It also barred this court from hearing Mr. Woody's strong, certified appeal on the merits before even determining whether he qualified for Rule 4A.6 relief. That was legal error. Today I'd like to focus on what the proper inquiry under Rule 4A.6 looks like and why Rule 60B relief should, at the very least, be considered on remand. Has Mr. Woody received actual notice? It appears as though he may have conceded it by September 8th. Is that the case? Yes, Your Honor, that's correct. September 7th, Mr. Woody filed a motion to appoint counsel in the district court, and there he acknowledged that he had knowledge of a certificate of appealability. Then he had 14 days to file a notice. After then, did he do so? So, yes, Your Honor, because we argue that the motion to appoint counsel itself could be a proper Rule 4A.6 motion, this court has construed motions to appoint counsel as motions or, excuse me, notices of appeal. Within 14 days of September 8th? Yes, Your Honor, if we count the motion to appoint counsel itself as a notice of appeal, and in this circuit, untimely notices of appeal have been construed as motions under Rule 4A.6 previously. Of course, this court remanded for the district court to consider whether Mr. Woody's October motion was a proper Rule 4A.6 motion, but that mandate does not waive Mr. Woody's arguments under the September motion as a proper Rule 4A.6 motion, which would be timely under every prong of the rule. What was the limitation that we placed on it when it was remanded in the first instance? Our position is that there was no limitation placed on it, Your Honor. Mr. Woody had, in fact, filed several motions to the district court that had gone unanswered for months, and so after approaching this court for a writ of mandamus, this court remanded and directed the district court to rule on his October motion. In doing so, of course, that remand order does not waive all other arguments about the pending motions before the district court, but turning to that October motion, Mr. Woody clearly and unequivocally told the court at Joint Appendix 245 that he did not receive notice to appeal the judgment. Now, to Judge Wynn's point, of course, Mr. Woody at some point did receive the judgment, but Rule 4A.6 is a particular rule. It's focused on timely, actual notice, and under prong A of the rule, it grants relief to litigants who do not receive the judgment within 21 days of its entry. Here, Mr. Woody's September 7th motion demonstrated that the first time he had received was 80 days after the judgment, putting him squarely within the class of people that the Rules Committee and Congress intended to cover for this type of relief. Now, the district court presumed that Mr. Woody received the judgment within 21 days, and it presumed so because of the date of service. But instead, in Shuler, this court made clear that service under Rule 77 is not the same as actual notice. Because the district court based its entire Rule 4A.6 inquiry off of the date of service and without the benefit of Shuler, remand, vacature, and remand is more than appropriate for the court in the first instance to apply the proper test. Okay. So that's what you would like us to do, vacate and remand to the district court to find out when the notice was actually received? Yes, Your Honor. Okay. And on that remand, the district court has a number of opportunities, but chiefly, we'll note to the court that Mr. Woody did not even receive this court's remand order until after the district court had already foreclosed Rule 4A.6 relief. The court below never gave Mr. Woody an opportunity to supplement his filing with additional information or ever asked the warden for supplemental information. The same district court in 2017, under a Rule 4A.6 analysis, has asked for prison mail logs to demonstrate when the date of actual notice occurred. That could have been done here, or we could have had sworn declarations from Mr. Woody or Evan's correctional staff to attest to the date of actual notice, but the district court did not even attempt that specific factual determination that is required under this court's precedent. And you have two Fourth Circuit cases that support your position, correct? Shuler and Bailey? Yes, Your Honor. That's correct. Applying Shuler to, because of Mr. Woody's specific factual denial, the court below was not entitled to presume that the judgment arrived in a timely manner. At that point, in recognition of Mr. Woody's denial at Joint Appendix 245, the court should have made a considered factual determination, and its failure to do so was legal error and thus an abuse of discretion. So we asked this court to vacate and remand for the court to do the proper inquiry under Shuler. Now, during that proper inquiry, we'd also ask this court to order the district court to consider Rule 60B relief, because we think it's clear from Mr. Woody's October filing, again, Joint Appendix 245 spilling over to 246, that Mr. Woody was functionally requesting the relief that Rule 60B gives. Now, Mr. Woody's October motion describes prison conditions that look a lot like an unconstitutional abridgment of his access to courts. He told the district court and this court that he did not have any access to the law library, he did not have any access to other inmates, nor did he have access to the court's online docket system. So when Mr. Woody mailed a letter from Evans Correctional in late 2020, he had no ability to even check if it arrived at the court. Now, in that sense, Woody's case is just like Yukon's from the Sixth Circuit. There, an illiterate inmate could not actualize her appeal because of a prison lockdown, and the Sixth Circuit recognized that her unconstitutional confinement conditions warranted relief under Rule 60B-6. And that's why the district court should have considered Mr. Woody's October motion also as a Rule 60B motion. So let me understand. You've seen his actual notice that he got notice of appeal on September the 8th. He doesn't do it within the 14 days, but you can come on to 46B. But he doesn't do it within that time period. So in order to get there, you've got to have something outside of a reason why it didn't occur. We disagree, Your Honor, again, because we argue that the September— That he didn't do it. We argue that the September motion to— On 4B is what I'm looking at. He didn't file a Rule 4A-6 motion within 14 days. That's correct, isn't it? Yes, Your Honor, I agree that Mr. Woody didn't file a 4A-6 stylized motion within 14 days of September 7th. However, in this circuit, motions to appoint counsel have been considered notices of appeal, and untimely notices of appeal have been construed as Rule 4A-6 motions. Given Mr. Woody's conditions of confinement, the fact that he did not even have access to Rule 4A-6 to know what the pertinent factors that the district court would have been interested in, we think it is upmostly just that both of those rules of construction apply to have Mr. Woody's September motion qualify as a Rule 4A-6 motion. So September the 8th would be the date on which he conceded the notice, and then you say the motion itself enacted as a 4A-B motion? That's correct, Your Honor. And the October motion that this court remanded for the district court to construe— But once he gets the notice, he has 14 days, but you're saying it's being done simultaneously with that? That's correct, Your Honor. There's no case law that we can find that forbids someone to let the court know that they did receive belated notice of the judgment and simultaneously motioning— Has anybody ever done that? No, Your Honor. It's strange to me that you can—first of all, you're getting dispensation for saying you're giving notice—you got the notice of appeal, you conceded on that date. Well, then, okay, I got it. So now you have 14 days to do this, but you're going to say what you said there satisfied the requirements to reopen it? That's correct, Your Honor. And we understand— That's what I'm asking. We've said so in our opening brief, Your Honor. I've been in a court setting. We think this is a novel application, Your Honor, of both of those rules of construction. But settled circuit precedent says that a motion to appoint counsel can, in fact, be deemed a notice of appeal. And then, in addition, a late notice of appeal can be construed as a Rule 4a6 motion. And we recognize, with Your Honor's concern— Don't put them in a language there. I'm trying to get there. A late can be construed as one, but is there a case that has it happen in both instances? The notice of appeal is given by—it's conceded that date, and then that's also a reopening. So this is the first application in this circuit of stacking both of those rules on top of each other. Any application in any other circuit? Not that we know of, Your Honor. But that's actually why we think Rule 60b, Relief, should additionally be considered on remand. To Your Honor's concern about timing and to the novelty of this argument, even if the District Court finds that Mr. Woody did not meet the requirements of Rule 4a6, Rule 60b, Relief, would recognize that Mr. Woody's conditions of confinement appeared to look like an unconstitutional abridgment of his access to courts and to Rule 4a6 to even use that mechanism for relief, which he so clearly was intended to qualify for. And it also would allow the District Court to reopen the time for Mr. Woody to file his appeal so that this Court could finally hear Mr. Woody's strong, certified appeal on the merits. We've got a case in this circuit with the same expert witness saying materially the same statement during a very similar criminal charge in South Carolina, and that litigant received habeas relief. That's what's lurking underneath this Rule 4 debate, is that Mr. Woody has a strong claim that he should be released under AEDPA. And so we would ask that on any remand, this Court direct the District Court to consider in addition Mr. Woody's Rule 60b motion, which would be the October filing. Getting back to the 4a6 motion, you're saying that he had two of them? One on October the 8th, and then again October the 6th, and then one on September the 8th? Yes, Your Honor. Why do you need two? Well, you don't need two, Your Honor. We argue that the September motion would be... The precedent for a successive Rule 4a6 motion being filed? Not precisely, Your Honor, but we could consider... I mean, how many can you file? I mean, you could... I mean, if you missed that one, I guess 14 days later you can do another one. I'm not following that line of thinking on it. I'm just trying to... Because we've got to make this make sense. I don't like procedural rules keeping from getting to the merits of it, but sometimes you get into a morass of things and you need to ferret it out so when you move forward just doesn't apply to pro se. It applies to everybody. And we understand the court's confusion. And then the procuratorial opinion we sent back, did they call it? I don't recall, but did the panel call it September 8th, 1, 4, 6, or 4a6, or was it October the 8th? It was the October motion that this court construed as a motion to reopen under Rule 4a6, and so that's the only motion that the district court considered as well. What did the panel direct the district court to do with that? The panel directed, and this is at Joint Appendix 310, 311, to consider the October motion under Rule 4a6 and then, quote, the record as supplemented will be returned to this court for further evidence. And so given the fact that the district court only looked at this remand order in one day without the date of actual receipt on the record and did not even give Mr. Woody or Mr. Woody to supplement that record with the information required in the considered factual determination in Shuler, we think that the court's order was, as a matter of law, an abuse of discretion and certainly went against the spirit of this court's mandate, inviting additional information that would have settled once and for all. So missing, found, Woody talks about. So Mr. Woody, in several locations, I can rattle off some Joint Appendix sites to you, talks about three letters that he sent in September. So we argue that one of those could have, in fact, been, to your Honor's concern, a late notice of appeal or perhaps an earlier Rule 4a6 motion. And Mr. Woody talks about those at Joint Appendix 247 and 250. He tells this court and the court below that he filed three letters in September, only two appear on the docket. Adding that up with the 80-day delay for Mr. Woody receiving the court's judgment. And as a reminder to the court, we're in late 2020, when COVID was severely impacting both the federal court system and state prison systems. We think it's credible that there could have been a lost filing. And had the district court considered a factual determination, as was required under Shuler, it would have taken note of this discrepancy on the record and seen that there potentially was a lost filing. That's not necessary for remand, for this court to find that there was one. But we just ask that this court consider there's disparities on the record, demonstrating and substantiating Mr. Woody's claim that he did indeed receive the judgment belatedly. And he does fall squarely within the category of litigants that Rule 4a6 is intended to cover. Now, to close, because Rule 4a6 requires actual notice, and because the district court conflated service with notice, that was legal error, which warrants at the very least a vacature for the court to apply the proper test under Shuler. We ask during that consideration that the district court also be directed to consider Mr. Woody's October motion as a Rule 60b motion. Thank you. Thank you, Ms. Kruzner. Ms. Battenfield. May it please the court. My name is Juliana Battenfield, and I represent the warden of Evans Correctional Institution, and I'm from the South Carolina Office of the Attorney General. Your Honors, Mr. Woody had at least five very generous and equitable windows of opportunity through which to enter this court on appeal. He unfortunately missed all five. Therefore, Judge Leiden correctly denied the motion to reopen, and Mr. Woody cannot again enter. This court no longer has jurisdiction to entertain the merits of this case for the following reasons. First, as has been discussed, Mr. Woody cannot meet Rule 4a-6. He's missed all of the deadlines. There's two 30-day deadlines, a 14-day deadline, a 180-day deadline, which is six months. And then secondly, he also missed the Rule 60b one-year deadline. So there are at least five windows of opportunity that he missed here. And the Supreme Court has been clear that Congress has not allocated authority to the courts to create equitable exceptions to jurisdictional requirements. Now, Mr. Woody, because he missed Rule 4a- Why shouldn't we remand this to have the District Court at least inquire into when the appellant actually received notice? And Judge Thacker, that is one of the main questions in this case, is what is the harm? And the harm is this would create precedent where every habeas petitioner could then say, well, I didn't know I needed to file. Well, I needed- And it would create AEDPA, especially contemplates finality. And the Supreme Court and Congress, in creating AEDPA and in creating Rule 4- I don't- Yeah, what is the harm in just don't we need to know when he actually received notice of the judgment in key things, you know, timing and dates from there? Yes. However, it is Woody's- Do we know that? We do not know exactly. However, as has- He wasn't given- You said it was his burden, but he wasn't given an opportunity, was he, before the District Court? He could have at any point asserted, I received the notice of- excuse me, the notice of the he conceded as has been- Do you have a response to- There was supplemental- There was a supplemental filing on our U.S. versus Bailey case. Do you have a response to that? Yes. Bailey, which I know Judge Wynn recently sat on that panel, that was a very recent case about this exact issue. However, this is distinguished from this case for the following reasons. In that case, he- I believe there was one month, he filed one month late and it was construed as a notice of appeal- Mr. Bailey filed one month late. Yes. And so the federal public defender, it was conceded that they received notice of the So then there's actual evidence, as we discussed in the brief, under actual notice, there has to be notice in the record. There was notice or there was evidence on the docket immediately within all of the deadlines and all of the windows that he could have filed a notice of appeal. So in that case, there was a material fact that needed to be fleshed out in the District Court. And whereas here, there's no dispute. It's been conceded that he received notice of the judgment, but did not actually- Based on what? Did the District Court base that on Mr. Wooding having been served notice of the judgment? How does he know he received notice of the judgment or when he received it? Wasn't that based on service? Well, he stated in his September, we would argue it's a little bit later date, but the September 7th date is fine with the warden. He said specifically in that filing, as well as his January 2021 filing, that he received the certificate of appealability, which means he's conceding he's received the judgment. So in this case, it doesn't matter the date of service versus the date of receipt. The first argument they make seems to be that you got June 19, 2020. You have a judgment at 30 days, which filed a notice of appeal. It doesn't happen. Correct. In September 8th, which is when within the 180-day period, you can do so under Rule 4A-6, they didn't file for this extension, time to reopen, which this court says you can construe that as a 4A-6 motion. So that time, you got a motion to open. And the same time, concede that at least in September 8th, that you've actually received the notice of it. Actually, this court did October 6th date, not September 8th. What the argument is, is that the motion to appoint counsel suffices as a 4A-6 motion, which is not what the procuring opinion said. How does that impact? I mean, do we have cases, as they allude, that say a motion to appoint counsel can be construed as a 4A-6 motion? There are cases. Yes, sir. I have read them. Is it possible to follow their line? Not possible, but is it plausible, at least in this instance, that they could file that motion to appoint counsel and it be construed both? Well, that be construed as a 4A-6 motion, and the same time you concede you got notice. Doesn't that satisfy the 14 days? And that is, well, in this case, the warden would submit that it does not matter. Because it wasn't construed by this court initially as a notice of appeal, only to the October 6th date. So you're talking about the opinion we sent back, you think it limited us to now take October the 8th as the date for the 4A-6 motion. But what if the panel, I mean, can't we go back and revisit something we did like that? And says, well, you know, we looked at it now, and upon this, we reflected. If we did, let's put it that way. Say that the September 8th satisfies the 4A-6, and he conceded notice, actual notice. Because you got to get actual notice, right? Yes, sir. So, I mean, that's what gets you from January the 19th up to September the 8th. The idea being is he didn't get actual notice. Had he got actual notice, he'd only have 30 days. Right. So he didn't, constructed didn't work. Trial court was wrong on that. Because trial court used constructive notices somewhere in that, didn't he? Judge Leiden, Judge Leiden's order on the motion to reopen. Was that word constructive on it? I'm on a different case. Anyway, the bottom line is that on September the 8th, the actual notice is conceded, which is what's necessary. Yes. But then the whole business of the 4A-6, we say it happens, at least opinion went back to say, go back and look on October 6th. Assume that this court did that. But in fact, there is a case law that says it could be a demotion to appoint counsel. So what do we do with that? I mean, I'm. Absolutely, Judge Witten. I misspoke earlier. I apologize on the motion to appoint counsel. Even if this court were to construe that as a 4A-6 motion, he still did not file the actual notice of appeal within the 14 days of actual notice. So he waived that even if this court were to construe the motion to appoint counsel. That's only tempered by his representation. He filed something. He said he filed something. It was missing files. He's in quarantine. He can't get to it. He says, I filed, I guess, up to two or three things. And one of them was a notice of appeal during that 14 days. What do we do with that? Do we ask the district court to go back and conduct some kind of fact-finding on that? Or to determine? Because it's plausible. I mean, he's in quarantine. It's COVID that's going on. You've got all kinds of, you know, in the situation it is in. So is it a simple solution to send it back at least on that point and say, trial court, notwithstanding our earlier procurement opinion, we are going to accept the statement that it could be on September the 8th that the 486 motion is filed. And the actual notice was received because he concedes that. But then he says he met the 14 days because something was filed. And you've got all these conditions here that could have led to something in there. I don't know what the resolution could be. That's a fact-finding situation. Probably going to be hard to determine that. I don't know. But shouldn't we do that at least? Because the trial court did not do that. It did not analyze as to whether those missing things were an actual notice. I mean, a notice of appeal. Sure. Yes, sir, Judge Wynn. If Woody would have said in his motion to appoint counsel, I have been under lockdown the past 83 days, which is the time frame the warden asserts from the entry of the judgment to the date he moved to appoint counsel. I have been under lockdown. I've been in a coma. I haven't had access to the law library, something like that. This would be a very different discussion. However, if you look at what Woody actually says in his September 7th, I concede the 7th, which is Joint Appendix 224 to 238. He says, I, Woody, Mr. Woody, have filed a 2255 motion, which of course is a 2254. And I have, I'm asking for counsel. I've received my certificate of appealability. There is no, if you look at that pleading, there's no emergency in his tone. He's simply asking for counsel and he's asking for bail. He's not saying... I don't think you need all that emergency to get 4A6, you know, because he's asking for the room open. He has 14 days. It's 14 days I'm talking about. He then can do it if you have a 4A6 and he's received a notice. He can do it within 14 days. He says he made some filings. That's what I'm talking about, that little time period there. We don't know what they are or whether they were filings. And the trial court really didn't address it. Shouldn't we minimally send it back for that to be addressed? Because it is not the district court judge's burden to fact find in a case where Mr. Woody, the Judge Leiden in her order denying the motion to reopen, said there's no evidence in the record that Mr. Woody has transferred institutions. There's no evidence in the record that there's been lost filings. For example, in Shuler, there was actual evidence. In Shuler, the district court also says in its order at JA 313, the court finds the petitioner cannot satisfy the condition of 4A6, the next sentence. The record shows that the order and judgment petitioner seeks to appeal were timely mailed to petitioner's proper address. And that's what we said in Shuler, I thought, the district court cannot rely on. So why not remand it back to just have the district court determine that actual notice, the date notice was actually received? Yes, Judge Thacker, because here we're merely relying on speculation. There's no evidence in the record that there is a lost filing here, unlike in Shuler, where there were two returned notices. I know in Shuler, it was her fault that she did not submit a change of address. But equity was applied properly in that case, because there was actual evidence in the record that she did not receive actual notice. But moving to my 60B point, in that case, she actually filed everything within all of the time limits. And this court properly found she filed the rule 4A6 motion within the 180 days, which Mr. Woody, even if he could prove no notice, which is what he originally argued in his first brief, she filed within the 180 days, whereas Woody was 186 days. In Shuler, they also found no prejudice. The rule 4A6 motion was unopposed, whereas in this case, the warden has objected to every single stage. Whereas in Mangal, for example, the case that opposing counsel says this case is identical to, in that case, we did not object to the R&R. In this case, we did. In Shuler, this court also properly found that she did not receive notice of the judgment, where in this case, he did. He's conceded. He's gotten notice of the judgment. So on its face, this looks like an unfortunate case. However, the Supreme Court has specifically and very intentionally crafted rule 4A with knowledge of all of the different types of applicants who will want to use its time limits. And equity has already been very intentionally and wisely crafted into the rule. So you have all the different types of deadlines, and they contemplated this. Now, in Bowles v. Russell and in Gonzalez v. Thaler, which are the mandatory authorities from the Supreme Court on this issue, they've said that in habeas cases, they very well could have said, in habeas cases, notices of appeal are not required. But they've said, yes, they are. They've also said a notice of appeal is still a jurisdictional requirement. And again, Congress has not delegated the authority to the courts to create equitable exceptions to a jurisdictional requirement. So we would ask this court to dismiss this appeal on jurisdictional grounds. But turning to the Rule 60B argument, Mr. Woody, there are cases which opposing counsel submitted a quite informative case recently in Supplemental Authority, which is Washington v. Ryan. It's out of the Ninth Circuit in 2016. It discusses many different cases from various different circuits, discusses an interesting circuit split between the interplay of Rule 4A and then Rule 60B. There's no Fourth Circuit case currently that applies that. However, the Fifth and the Eleventh Circuits have said 60B can never be used with Rule 4A. Whereas the Sixth, Seventh, and Ninth Circuits say Rule 60B can be an avenue, an additional avenue of relief for, say, a habeas petitioner who's pro se, who misses deadlines. So again, that's the fifth window of opportunity Mr. Woody could have availed himself of. He would have had, under Rule 60B, an entire year from April 28, 2021, which is when Judge Leiden issued the order denying the motion to reopen, to file an actual Rule 60B motion. But here, he has to meet the threshold requirements of Dow v. State Farm, excuse me, a case from this circuit. But the first threshold element he'd have to meet... He has a 60B-1 motion, right? Correct, Judge Berry. It's not... We should not do that, should we? We can't foreclose that at this point, make a ruling, can we? Well, Mr. Woody has not actually asserted Rule 60B relief. He hasn't moved for it. I only did it because you're making this argument. Correct. So I'm just telling you, your advance needs to slow back, slow down. Yes, sir. Right. You cited incorrectly that, you know, you don't apply equitable considerations for jurisdictional matters, but when there's a factual matter underpinning that jurisdictional question, we can look at that, like, for example, actual notice and what exactly... Is that correct? Yes, when there is a material fact at issue that's questionable. But here, there isn't a question of fact in the warden's opinion, because Woody himself does not assert anything other than, which is what Judge Leiden said in her order, that I just did not know I needed to file a notice of appeal, which the Supreme Court could have put a provision in there for lack of knowledge about procedural rules in 4A. Congress could have put a lack of knowledge about procedural rules in AEDPA, but they did not. They intentionally chose not to. So because there's no material fact in dispute, the district court judge initially properly granted our motion for summary judgment, and then the district court also properly denied the motion to reopen. And even if this court could reach the merits, of course, we agree with the district court that Woody cannot prove prejudice here, but I won't spend time on that because it has not been discussed. But your honors, again, we would ask this court to not follow Mr. Woody's argument and invent a new key back into the Fourth Circuit, because he could have filed his motion within 30 days, or excuse me, notice of appeal, but he did not. And then he missed the 14-day deadline to file a notice of appeal after he conceded he received notice of the judgment. And then he also did not file a Rule 60B motion. So he's missed all of his windows, and we would ask this court to affirm the denial of the motion to reopen and dismiss this case on jurisdictional grounds. I want to make sure before you sit down, and my colleagues may have questions too. Are you saying that as a matter of law, we cannot consider whether his request motion for counsel served as an effect notice? That's the equivalent of an appeal? Because appeal, obviously, to the district court is about notice, isn't it? Why else would you need a lawyer continuing after you've lost, but for that you intend to appeal? Yes, sir, this court absolutely can construe that as a Rule 406 motion. I don't, as opposing counsel has just discussed though, a notice of appeal is very different than a Rule 406 motion. And I don't know of any precedents where a notice of appeal has been construed from a motion for extension of time. And the warden would ask this court not to do this, not to do that. Do you have any authority to say we cannot? At this time, I see I'm about to be out of time. May I answer your question? You're fine, go ahead. Thank you, sir. This court, we would ask this court if it wants to do anything other than affirm Judge Lydon to remand to the district court. I thought you were taking time to answer my question. Yes, sir. Do you have any authority to say we cannot? No, sir, I do not. Well, go ahead, if you have another thought, go ahead. I'm sorry, I thought you were asking a completely different question. That was my question, but did you have anything further? No, sir, thank you very much. Thank you, Ms. Kirchner. Ms. Kirchner, do you have some time reserved? Yes, your honor. I'd like to start by clearing up the deadlines. Rule 4 has a lot of overlapping and confusing deadlines, and that's why we provided this court with a chart that outlines exactly what the September 7th Motion to Appoint Counsel could be. It's on page 43 of our opening brief. Judge Wynn, to your concern, we'd just like to clear up that we think September 7th was a Rule 4a6 motion. Now, the October motion that this court remanded for Rule 4a6 consideration, we think that is properly construed as a motion under Rule 60B to ask for relief from the initial entry of summary judgment. So what's the effect of the remand from Procurum indicating it was October 8th as the 4a6? And I think it indicated when the notice of appeal had been received. Was that December? Sometimes that did it. Did the Procurum opinion indicate it when notice of appeal had been received? Not to my knowledge, your honor. No, I don't believe so. And we would argue that the Procurum remand order does not have any binding determination on whether or not the September 7th motion itself could be reconstrued by this court or the district court as a Rule 4a6 motion. It was attempted to breathe some life back into something that was dead and it kept it going by sending it back to the trial judge. And in that motion, it would have been gone. We agree, your honor. And we think that the district court should have heard this court's mandate and supplemented the record and done the proper Shuler inquiry at that juncture when it could have. I'd like to briefly touch on something that the warden... The district court got it back and conducted an analysis considering whether that motion 4a6 was on October the 8th and it proceeded from there. Could it have gone back and said, no, you got it earlier on September the 8th when this court had already told you when it is? Potentially, your honor. The mandate rule does allow some flexibility with this court's mandates. But if we look at the district court's order, the district court didn't even reach prong B of the timeliness prong because the district court never determined the precise date that Mr. Woody did in fact receive notice. And to Judge Thacker's point, the district judge started and ended her analysis on the date of service and that is legal error under Shuler. And moreover, I'd like to respond to the warden's contention that there's nothing in the record that demonstrates that Mr. Woody had a lost notice of appeal. There is record evidence. And the warden himself at Joint Appendix 236 and 240 concedes that he thought that Mr. Woody did in fact file a lost notice of appeal. He told the district court that he looked for it on Pacer and couldn't find it. And the warden then thought there was at least Mr. Woody claiming that he filed a lost notice that didn't arrive at the court. And so clearly, both parties saw at that point in time that there was something seriously wrong with Mr. Woody's ability to communicate to the district court. But just one day after this court's remand order and relying on proper service under Rule 77, the district court summarily dismissed Mr. Woody's Rule 486 motion and cut off his ability to approach this court with his certified and strong appeal. Now, in my time remaining, I'd like to briefly address the warden's point that Bowles somehow forecloses Rule 60B relief. It does not. Your Honor, Bowles relied on another Supreme Court case, Browder. Their Chief Justice Rehnquist concurred to note that Rule 60B is an appropriate mechanism to vacate a order under Rule 4. And so the Second Circuit, the Sixth Circuit, and the Ninth Circuit in Washington v. Ryan have held that Rule 60B remains an appropriate mechanism for the courts to reopen the time to file an appeal. We would ask that on the remand of this case that the district court is directed to apply Shuler properly and consider Mr. Woody's request for Rule 60B relief. If there are no further questions, I'll sit down and thank the court. Thank you, counsel. Thank you. First, I'd like to note that the court opponent and on behalf of the court in the Fourth Circuit would pay specific gratitude. We need lawyers like yourselves and law students like yourselves, professors, to help us on these cases. And also, I'd note that the Blue Devils are well acquitted today in your work. Would you introduce your two colleagues with you, students? To my left is Matt Queen, and then at the far end of the table is Lucas Mears. I didn't want to put any additional pressure on you, but we have some college students behind you. No, I want them to know that this is the work that law students did. And otherwise, you don't have to wait until you're long in the tooth like me, not these colleagues, to contribute mightily to our great profession and to the ideas of justice. So I want them to know that as well. And of course, Ms. Battenfield, you represent your very able representation of the Palmetto State, South Carolina. With that, we'll come down and re-counsel. We're going to take not a recess, but we're going to have a little special session with our students. We have a guest behind you. And with that, thank you. Let's officially go ahead and gavel it down. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Roger L. Gregory, James Andrew Wynn, Stephanie D. Thacker